| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER (Court use only) |
|---|---|
| PLAINTIFFS<br>**Linda Anderson Brown** | DEFENDANT<br>**Auto Money, Inc.** |
| ATTORNEYS(Firm Name, Address and Telephone No.)<br>**Ann U. Bell, District ID # 10372**<br>**Ann U. Bell, Attorney at Law**<br>**(843) 636-3882**<br>**P.O. Box 80013**<br>**Charleston, SC 29416** | ATTORNEYS(If Known) |

PARTY (Check one box only). 1. U.S. Plaintiff         . 2. U.S. Defendant        3. U.S. Not a Party

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Core Proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(K) regarding the violation of the discharge injunction.**

### NATURE OF SUIT
(Check the one most appropriate box only)

. 454 To recover money or property
. 455 To revoke an order of confirmation of a Chap. 11 or Chap 13 Plan
. 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
. 435 To determine validity, priority,or extent of a lien or other interest in property
. 426 To determine the dischargeability of a debt 11 U.S.C. § 523
. 459 To determine a claim or cause of action removed to a bankruptcy court
. 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
. 434 To obtain an injunction or other equitable relief
   498 Other (specify) **Sec. 524 To determine the violation of the discharge injunction**
. 424 To object to or revoke a discharge 11 U.S.C. § 727
. 457 To subordinate any allowed claim or interest

ORIGIN OF PROCEEDINGS   1. Original Proceeding . 2. Removed Proceeding . 4. Transferred to another Bankruptcy Court . 5. Reinstated or reopened . Check if this is a class action under FRCP 23

| DEMAND | NEAREST THOUSAND<br>$ To Be Determined | OTHER RELIEF SOUGHT<br>***DECLARATORY JUDGMENT***<br>***RE: Discharge Violation*** | . JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR(S)<br>Jasper Brown, Jr. and Linda Anderson Brown | BANKRUPTCY CASE NO.<br>19-05222 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING DIVISIONAL OFFICE<br>**South Carolina** | NAME OF JUDGE<br>**Elisabetta Gasparini** |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only)    . Fee Attached     Fee Not Required         . Fee is Deferred

| DATE | PRINT NAME OF ATTORNEY | SIGNATURE OF ATTORNEY |
|---|---|---|
| January 26, 2023 | ANN U. BELL | /s/ Ann U. Bell |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASPER BROWN, JR. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINDA ANDERSON BROWN | ) | Bankruptcy Case No. 19-05222 |
| | ) | Chapter 13 |
|       Debtors, | ) | |
| | | |
| LINDA ANDERSON BROWN, | ) | |
| | ) | Adversary Case No. |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| AUTO MONEY, INC. | ) | |
| | ) | |
|       Defendant. | ) | |

Plaintiff, Linda Brown, would respectfully allege as follows:

1. Plaintiff filed a chapter 13 action on October 4, 2019, listing Defendant, Auto Money, Inc., as an interested party and notice was duly provided this entity. Plaintiff's joint Debtor in the case died during the pendency of the Chapter 13.

2. Defendant filed a timely Proof of Claim on October 28, 2019, in the amount of $797.82, secured by a 2000 Chevrolet S10, VIN # 1GCCS1945YK167120. Plaintiff's plan was confirmed by order of the bankruptcy court entered on December 18, 2019. During Plaintiff's bankruptcy, the trustee paid the balance of Defendant's secured claim as stated in the confirmed plan, together with interest, as required under the plan. An Order discharging the Plaintiff was entered August 29, 2022.

3. After the discharge was issued, Plaintiff requested the title from Defendant via a letter dated November 10, 2022, but said title was not forthcoming.

4. Plaintiff's counsel sent Defendant a certified letter dated December 8, 2022 requesting the title, but said title was not forthcoming.

5. Neither the title, nor a release of lien, has been forthcoming from Defendant.

6. This court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is appropriate under 28 U.S.C. § 1409.

7. Plaintiff's Chapter 13 plan contains the following Court-approved standard language: "any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge. Plaintiff believes that Defendant has violated this obligation imposed upon it by the Court and its continued failure to comply represents an ongoing violation thereof.

      8.   Plaintiff believes that the actions of Defendant constitute a violation of the discharge injunction of 11 U.S.C. § 524.   Plaintiff further believes that under 11 U.S.C. § 105 this court has power to issue an order for Defendant's contempt which necessitated this chain of events, causing Plaintiff unnecessary costs, attorney=s fees and damages.

      WHEREFORE, Plaintiff would ask this court to fashion a remedy which this court believes to be fair and equitable.

                                 ANN U. BELL, ATTORNEY AT LAW

                                 BY: /s/Ann U. Bell
                                    Ann U. Bell
                                    District Court I.D. #10372
                                    Attorneys for Plaintiff
                                    P.O. Box 80013

Charleston, South Carolina                  Charleston, SC 29416
Dated: January 26, 2023                     (843) 636-3882